IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 15 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. **'08 - CV - 01740**

(To be supplied by the court)

CHRISTOPHER WEEDMAN _____, Applicant,

v.

Warden STEVE HARTLEY, _____, Respondent,
(Name of warden, superintendent, jailer, or other custodian)

and

The Attorney General of the State of: COLORADO _____, Additional Respondent.

(Note: If you are attacking a judgment that imposed a sentence to be served in the future, you must fill in the name of the state where the judgment was entered. If you have a sentence to be served in the future pursuant to the judgment of a federal court, you should file a motion pursuant to 28 U.S.C. § 2255 in the federal court that entered the judgment.)

**RECEIVED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG -8 2008

GREGORY C. LANGHAM
CLERK

**APPLICATION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254**

## A. CONVICTION UNDER ATTACK

1. Name and location of the court that entered the judgment of conviction you are attacking:

   District Court, Adams County
   1100 Judicial Center Drive
   Brighton, CO.  80601

2. Date the judgment of conviction was entered:

   1998

(Rev. 3/27/08)

| | | |
|---|---|---|
| 3. | Case number: | 96 CR 1824 |
| 4. | Describe the type and length of sentence imposed: | Life without the possibility of parole |
| 5. | Are you serving a sentence that was imposed for a conviction other than the conviction you are attacking in this application? | ___ Yes  XX  No  (CHECK ONE) |
| 6. | Nature of the offenses with which you were charged: (all counts) | First degree murder |
| 7. | On which counts were you convicted? | First degree murder |
| 8. | What was your plea? | Not guilty |
| 9. | If you pled guilty pursuant to a plea bargain, describe the terms and conditions of the plea: | N/A |
| 10. | Kind of trial: | XX  Jury  ___ Judge only  (CHECK ONE) |
| 11. | Did you testify at trial? | ___ Yes  XX  No  (CHECK ONE) |

## B. DIRECT APPEAL

| | | |
|---|---|---|
| 1. | Did you file a direct appeal? | xxx Yes  ___ No  (CHECK ONE) |
| 2. | Name and location of court in which the direct appeal was filed: | Colorado Court of Appeals<br>2 East 14th Avenue<br>Denver, CO.  80203 |

(Rev. 3/27/08)  2

3. Date and result of direct appeal (attach a copy of the decision if available): August 12, 1999, <u>People v. Weedman</u>, No. 98CA0620 (not published pursuant to C.A.R. 35(f)), unavailable.

4. Did you seek review in the state's highest court on direct appeal? XX Yes ___ No (CHECK ONE)

5. Date and result of review in state's highest court (attach a copy of the decision if available): Unavailable, cert denied 3/05/01

6. List the claims raised on direct appeal: 1) police interrogation continued after valid request for counsel; 2) statements made to police during interrogation were involuntary; 3) denial of fair trial when unredacted police interview was provided to jury; 4) denial of fair trial when evidence of alternate suspects was denied; 5) hearsay evidence from co-defendant was allowed at trial without a determination of reliability being made as statements by co-defendant were in his penal interest.

7. Were all claims raised on direct appeal presented to the state's highest court? XX Yes ___ No (CHECK ONE)

8. If you did not file a direct appeal or if you did not present all of your claims to the state's highest court, explain why: Not applicable

## C. POSTCONVICTION PROCEEDINGS

1. Other than a direct appeal, have you initiated any postconviction proceedings with respect to the judgment under attack in any state or federal court? XX Yes ___ No (CHECK ONE)

(Rev. 3/27/08)                                 3

2.  If you answered "Yes" to question 1., give the following information for each postconviction proceeding. If you have initiated more than one postconviction proceeding, use extra paper to list each proceeding using the format below.

   A. Name and location of court: District Court, Adams County
   1100 Judicial Center Drive, Brighton, CO. 80601

   B. Type of proceeding: Crim.P.Rule 35(c)

   C. Date filed: April 4, 2002.

   D. List the claims raised: Ineffective assistance of counsel at trial.

   E. Date and result (attach a copy of the decision if available): Unavailable, People v. Weedman, ~~04CA2498~~ Oct. 27 2004 (unpublished)

   F. Did you appeal? XX Yes __ No (CHECK ONE)

   G. Date and result on appeal (attach a copy of the decision if available): Unavailable, People v. Weedman, 04CA2498 May 25, 2006.

   H. Did you appeal to the state's highest court? XX Yes __ No (CHECK ONE)

   I. Date and result of appeal to highest state court (attach a copy of the decision if available): Unknown/unavailable, cert. denied.

(Rev. 3/27/08)                4

2. (continued) - Postconviction proceedings:

   A. Name and location of Court:       District Court, Adams County,
                                                      1100 Judicial Center Drive
                                                      Brighton, CO.   80601

   B. Type of Proceeding:              Motion for new trial under Crim.P.
                                                      Rule 33

   C. Date filed:                        1/13/05 & 2/23/05

   D. List Claims raised:              Request for new trial based on
                                                      newly discovered evidence.

   E. Date and result (attach a copy of
      the decision is available)         Unavailable, denied May 25, 2005.

   F. Did you appeal?                   Yes

   G. Date and result on appeal (attach
      a copy of the decision if available)  Unavailable, Feb. 14, 2008.

   H. Did you appeal to the State's
      highest Court?                    Yes.

   I. Date and result of appeal to
      highest State Court (attach a copy
      of the decision of available)      Unavailable - cert. denied June
                                                        19, 2008.

## D. CLAIMS

CAUTION: To proceed in federal court, you ordinarily must exhaust the remedies available to you in the state courts for each claim asserted in this action. If you fail to assert all your claims in this application, you may be barred from presenting additional claims at a later date.
State concisely every claim that you wish to assert in this action. For each claim, specify the right that allegedly has been violated and state all supporting facts that you consider important. You do not need to cite specific cases to support your claim(s). If you need additional space to describe any claim or to assert additional claims, use extra paper to continue the claim or to assert the additional claims. Identify clearly any additional pages that you attach to this form.

1. Have you fairly presented to the state's highest court each of the claims asserted in this action?    $^{XX}$Yes __ No (CHECK ONE)

2. If you answered "No" to question 1., list the claims that have not been fairly presented to the state's highest court and explain why:    Not applicable.

3. Claim One:    Denial of right to counsel in violation of Sixth Amendment.

   A. Supporting facts:
   On Oct. 31, 1996, Mr. Weedman was taken into custody and interrogated by the police. Immediately upon being taken into custody (Mr. Weedman was a juvenile at the time), he asked the police "What if I ask for an attorney...Why don't you give me an attorney, um,..a lawyer, huh, to speed up the process." Nevertheless, the detectives determined this was not a valid request for an attorney and continued to question Mr. Weedman. Mr. Weedman eventually was advised of his <u>Miranda</u> rights which he signed away.

   B. If this claim was not raised on direct appeal or in one of the state postconviction proceedings already described above, explain how you have exhausted state court remedies for this claim:

   Not applicable.

4.  Claim Two: <u>Violation of Fourteenth Amendment right to fair trial when unredacted video taped interview was given to jury.</u>

    A.  Supporting Facts:
    Following the violation of Mr. Weedman's right to an attorney and during the interrogation conducted by the detectives, a video tape was made of the interview/interrogation. During the interrogation, the detectives made repeated statements to Mr. Weedman that his story would never be believed, that he would be the youngest person on death row, that his grandparents would lose their home, and that he needed to act like a man and stand up for what he did. This unredacted video was in essence the police testifying as to Mr. Weedman's credibility and thus denied Mr. Weedman a fair trial.

    B.  If this claim was not raised on direct appeal or in one of the state postconviction proceedings already described above, explain how you have exhausted state court remedies for this claim:

    Not applicable.

5.  Claim Three: <u>Fourteenth Amendment violation, right to fair trial when Mr. Weedman was not allowed to present evidence of alternate suspects.</u>

    A.  Supporting facts:
    Mr. Weedman attempted to introduce at trial evidence that two suspects had previously sexually assaulted the victim in this case and thus could have been responsible for the murder. The prosecution provided an affidavit showing that they were incarcerated at the time the murder occurred, however they still could have been responsible by having the girl killed in retaliation for their prosecution.

    B.  If this claim was not raised on direct appeal or in one of the state postconviction proceedings already described above, explain how you have exhausted state court remedies for this claim:

    Not applicable.

(Rev. 3/27/08)                              6

D. Claims (continued):

Claim Four: Violation of Sixth Amendment - non-reliable hearsay testimony of non-testifying co-defendant without a determination that hearsay statements were reliable.

Supporting Facts:   Mr. Weedman's co-defendant chose to exercise his Fifth Amendment right and not testify at Mr. Weedman's trial. However, several statements were introduced at trial through other witnesses in which the co-defendant allegedly admitted to the witnesses that he and Mr. Weedman had killed the victim. These statements were allowed under C.R.E. 804(b)(3), and Mr. Weedman submits that they were unreliable and should not have been allowed.

Claim Five:   Denial of a new trial/due process based upon newly discovered evidence which was exculpatory in nature.

Supporting Facts:   In his Crim.P.Rule 33 Motion for a new trial, Mr. Weedman tendered several pieces of new information, including a letter written to Mr. Weedman's trial counsel from a private investiagtor stating that Mr. Weedman's grandparents had exculpatory evidence showing Mr. Weedman did not commit the murder; an affidavit from the co-defendant's cellmate in prison stating that the co-defendant admitted he committed the murder himself; and a letter from a friend of both Mr. Weedman and the co-defendant's stating that the co-defendant had also admitted to her that he alone committed the murder.

Claim Six:   Sixth Amendment violation of right to effective assistance of counsel/failure to investigate.

Supporting Facts:   There was a Dec. 9, 1997, letter written to Mr. Weedman's public defender from a private investigatory stating that Mr. Weedman's grandparents had exculpatory evidence which would exonerate Mr. Weedman. Counsel failed to investigate and/or present this evidence and hence failed to subject the prosecution's case to a meaningful adversarial testing.

## E. PRIOR APPLICATIONS

1. Other than the instant action, have you filed any action in federal court challenging the conviction under attack in this action?   __ Yes  XX No  (CHECK ONE)

2. If you answered "Yes" to question 1., give the following information for each prior federal court action challenging the conviction under attack in this action.

   A. Name and location of court:   Not applicable

   B. Case number:   Not applicable

   C. Type of proceeding:   Not applicable

   D. List the claims raised:   Not applicable

   E. Date and result (attach a copy of the decision if available):   Not applicable

3. If the instant application is a second or successive application, have you obtained authorization from the United States Court of Appeals for the Tenth Circuit for this court to consider the application?   __ Yes  XX No  (CHECK ONE)  N/A

## F. TIMELINESS OF APPLICATION

If the judgment of conviction under attack in this action became final more than one year ago, explain why the application is not barred by the one-year limitation period in 28 U.S.C. § 2244(d). Attach additional pages, if necessary.

Not applicable.

(Rev. 3/27/08)                                    7

## G. OTHER CONVICTIONS

1. Do you have any concurrent or future sentence(s) to be served after you complete the sentence imposed as a result of the conviction under attack?

    ___ Yes  xx No  (CHECK ONE)

2. If you answered "Yes" to question 1., give the following information for each sentence:

    A. Name and location of the court: **Not applicable**

    B. Case number: **Not applicable**

    C. Type and length of sentence: **Not applicable**

## H. LEGAL REPRESENTATION

1. List the names and address, if known, of each attorney who has represented you in proceedings regarding the conviction under attack:

    A. Preliminary hearing: **Public Defender - 2426 E. Bridge St. Brighton, CO. 80601**

    B. Arraignment and plea: **Same**

    C. Trial: **Same**

    D. Sentencing: **Same**

    E. Appeal: **Public Defender, 110 - 16th Street, Suite 900 Denver, CO. 80202**

    F. Postconviction proceedings: **Pro-Se /Leslie Goldstein, Alternate Defense Counsel**

    G. Appeal from any adverse ruling in postconviction proceedings: **Leslie Goldstein, Alternate Defense & Pro-Se**

(Rev. 3/27/08)                              8

## H. REQUEST FOR RELIEF

I request the following relief:

Reversal of my conviction and remand for a new trial.

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the applicant in this action, that I have read this application, and that the information in this application is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed on   August 1, 2008.
              _____
                  (Date)

_____
(Applicant's Original Signature)

Applicant's prisoner identification number and complete mailing address:

Christopher M. Weedman, #96198, Limon Correctional Facility, 49030 State Hwy. 71, Limon, CO. 80826

Respondents' names and complete mailing addresses:

Steve Hartley, Warden, L.C.F., 49030 State Hwy. 71, Limon, CO. 80826

John Suthers, Colo. State Att. General, 1525 Sherman St., 7th Fl., Denver, CO. 80203

(Rev. 3/27/08)                              9