FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 22 2008

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01740-BNB

CHRISTOPHER WEEDMAN,

    Applicant,

v.

WARDEN STEVE HARTLEY, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

Applicant, Christopher Weedman, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Limon, Colorado, Correctional Facility. Mr. Weedman filed *pro se* an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Adams County District Court case number 96CR1824. He has paid the $5.00 filing fee.

In an order filed on September 12, 2008, Magistrate Judge Boyd N. Boland directed Respondents to file within twenty days a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On September 30, 2008, Respondents filed their pre-answer response asserting that the instant action is barred by the one-year limitation period and should be dismissed as a mixed petition because he failed to exhaust three of his six claims. On October 20, 2008, after being granted an extension of time, Mr. Weedman filed a reply to the pre-answer response.

The Court must construe liberally the amended application and the reply filed by Mr. Weedman because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

Mr. Weedman was convicted by a jury in Adams County District Court case number 96CR1824 on charges of first-degree murder after deliberation. He was seventeen years old at the time of his arrest but was charged as an adult. His first trial ended in a mistrial. A second jury trial resulted in his conviction. Mr. Weedman appealed directly from his conviction to the Colorado Court of Appeals, which on August 12, 1999, affirmed. *See People v. Weedman*, No. 98CA0620 (Colo. Ct. App. Aug. 12, 1999) (as modified Jan. 13, 2000) (not selected for publication). On February 26, 2001, the Colorado Supreme Court denied certiorari review. Mr. Weedman does not allege that he sought certiorari review in the United States Supreme Court.

On March 22, 2002, Mr. Weedman filed *pro se* motions for postconviction relief and for the appointment of postconviction counsel. Postconviction counsel was appointed to represent Mr. Weedman, concluded there was no factual basis to support Mr. Weedman's claims, and withdrew from the case in August 2004. On September 22, 2004, and October 12, 2004, Mr. Weedman filed two amended motions pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure for postconviction relief. On October 27, 2004, the trial court entered an order denying the Colo. R. Crim. P. 35(c)

2

motion without a hearing. On May 25, 2006, the Colorado Court of Appeal affirmed. *See People v. Weedman*, No. 04CA2498 (Colo. Ct. App. May 25, 2006) (not selected for publication). Mr. Weedman did not petition for certiorari review to the state supreme court.

While his appeal was pending in No. 04CA2498, Mr. Weedman filed two postconviction motions on January 13, 2005, and on February 23, 2005, which the trial court denied on April 5, 2005, and on May 12, 2005, respectively. On May 31, 2005, Mr. Weedman appealed from the denials. On December 22, 2005, on limited remand from the Colorado Court of Appeals, the trial court, acknowledging its lack of awareness of the pending appeal from its October 27, 2004, order, issued an order affirming its orders of April 5, 2005, and May 12, 2005. On February 14, 2008, the Colorado Court of Appeals affirmed. *See People v. Weedman*, No. 05CA1132 (Colo. Ct. App. Feb. 14, 2008). On May 27, 2008, the Colorado Supreme Court denied certiorari review. On August 5, 2008, Mr. Weedman submitted his original habeas corpus application to this Court, which filed the application on August 15, 2008.

As noted above, Respondents contend that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in

3

> violation of the Constitution or laws of the
> United States is removed, if the applicant was
> prevented from filing by such State action;
>
> (C) the date on which the constitutional right
> asserted was initially recognized by the
> Supreme Court, if the right has been newly
> recognized by the Supreme Court and made
> retroactively applicable to cases on collateral
> review; or
>
> (D) the date on which the factual predicate of
> the claim or claims presented could have been
> discovered through the exercise of due
> diligence.
>
> (2) The time during which a properly filed application for
> State post-conviction or other collateral review with respect
> to the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this
> subsection.

28 U.S.C. § 2244(d).

The Court first must determine when the one-year limitation period began to run. Although Mr. Weedman did not file a petition for writ of certiorari in the United States Supreme Court on direct appeal, he had ninety days after the Colorado Supreme Court denied certiorari review on February 26, 2001, to do so. *See* Sup. Ct. R. 13. Therefore, figuring from February 27, 2001, the day after the Colorado Supreme Court denied his certiorari petition, his conviction became final on May 27, 2001, when the time for seeking review in the United States Supreme Court expired. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999).

Mr. Weedman does not allege that unconstitutional state action prevented him from filing the instant action sooner, that he is asserting any constitutional rights newly

4

recognized by the Supreme Court and made retroactively applicable to cases on collateral review, or that he could not have discovered the factual predicate for his claims at the time his direct appeal became final on May 27, 2001. Therefore, it appears that the one-year limitation period began to run on May 28, 2001, the day after his conviction became final.

In the absence of any reason to toll the limitations period, Mr. Weedman should have initiated this action by May 28, 2002. The instant action was commenced on August 5, 2008, well beyond the one-year limitation period. Although Mr. Weedman did not submit his application to this Court until August 5, 2008, he signed and mailed the application on August 1, 2008. Therefore, pursuant to the prisoner mailbox rule, *Houston v. Lack*, 487 U.S. 266, 270 (1988), the Court must deem this action commenced on August 1, 2008, not on August 5, 2008, when it was received for filing, or on August 15, 2008, when it actually was filed with the Court.

Respondents concede that the one-year limitation period was tolled while the postconviction motions Mr. Weedman filed were pending in state court, and the Court agrees. The period from March 22, 2002, to May 27, 2008, when the Colo. R. Crim. P. 35(b) and (c) motions were pending in state court, does not count against the one-year limitation period.

However, the 299 days between May 27, 2001, when Mr. Weedman's conviction became final, and March 22, 2002, when he filed his Colo. R. Crim. P. 35(b) postconviction motion, count against the one-year limitation period. In addition, the gap of 70 days from May 27, 2008, when the Colorado Supreme Court denied certiorari review of his final postconviction motion, until August 5, 2008, when he initiated the

5

instant action, also count against the one-year limitation period. As a result, the Court finds that a total of 369 days count against the one-year limitation period, and the instant action is time-barred in the absence of some other reasons to toll the one-year limitation period.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808. However, simple excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Weedman bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Mr. Weedman fails to allege any facts that might justify equitable tolling of the one-year limitation period. Therefore, the Court finds that Mr. Weedman fails to demonstrate that equitable tolling is appropriate, and the amended application will be denied and the instant action dismissed as barred by the one-year limitation period. Because the instant action will be dismissed as time-barred, the Court need not address Respondents' remaining arguments for dismissal. Accordingly, it is

ORDERED that the amended habeas corpus application is denied and the action dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this __19__ day of __December__, 2008.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01740-BNB

Christopher Weedman
Prisoner No. 96198
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

Elizabeth Rohrbough
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12/22/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk