IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01740-ZLW

CHRISTOPHER WEEDMAN,

Applicant,

v.

WARDEN STEVE HARTLEY, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

---

ORDER GRANTING MOTION TO RECONSIDER

---

Applicant, Christopher Weedman, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Limon, Colorado, correctional facility. Mr. Weedman filed *pro se* an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Adams County District Court case number 96CR1824. He has paid the $5.00 filing fee.

In an order filed on September 12, 2008, Magistrate Judge Boyd N. Boland directed Respondents to file within twenty days a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On September 30, 2008, Respondents filed their pre-answer response asserting that the instant action is barred by the one-year limitation period and should be dismissed as a mixed petition because Mr. Weedman failed to exhaust three of his six claims. On October 20, 2008, after being granted an extension of time, Mr. Weedman filed a reply to the pre-answer

response. On December 22, 2008, the Court denied the application as time-barred, and dismissed the action. Judgment was entered on the same day.

On December 30, 2008, Mr. Weedman filed a motion for reconsideration, seeking reconsideration of the December 22, 2008, dismissal order and judgment because the Court, in calculating whether the application was time-barred, inadvertently used the date of August 5, 2008, when the Court received the application for filing, and not the date of August 1, 2008 when Mr. Weedman signed and mailed the instant application, the correct date to use pursuant to the prisoner mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). As a result, the instant action does not appear to be barred by the one-year limitation period in 28 U.S.C. § 2244(d).

The motion for reconsideration will be granted only to the extent that it seeks reinstatement of the instant action. The Court will vacate the December 22, 2008, dismissal order and judgment. Mr. Weedman's request in the motion for reconsideration that the Court require Respondents to file a "merits answer," motion for reconsideration at 2, will be denied as premature. Accordingly, it is

ORDERED that the motion for reconsideration that Applicant, Christopher Weedman, filed on December 30, 2008, is granted only to the extent that it seeks reinstatement of the instant action. It is

FURTHER ORDERED that Mr. Weedman's request in the motion for reconsideration that the Court require Respondents to file a merits answer is denied as premature. It is

FURTHER ORDERED that the December 22, 2008, dismissal order and judgment are vacated.

DATED at Denver, Colorado, this 14th day of January, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01740-ZLW

Christopher Weedman
Prisoner No. 96198
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

Elizabeth Rohrbough
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 1/14/09 .

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk