IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01740-BNB

CHRISTOPHER WEEDMAN,

    Applicant,

v.                              )

WARDEN STEVE HARTLEY, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 30 2009

GREGORY C. LANGHAM
                   CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Applicant, Christopher Weedman, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Limon, Colorado, Correctional Facility. Mr. Weedman filed *pro se* an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Adams County District Court case number 96CR1824. He paid the $5.00 filing fee.

In an order filed on September 12, 2008, Magistrate Judge Boyd N. Boland directed Respondents to file within twenty days a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On September 30, 2008, Respondents filed their pre-answer response asserting that the instant action is barred by the one-year limitation period and should be dismissed as a mixed petition because Mr. Weedman failed to exhaust three of his six claims. On October 20, 2008,

after being granted an extension of time, Mr. Weedman filed a reply to the pre-answer response.

On February 9, 2009, Magistrate Judge Boland ordered Respondents within twenty days to supplement the pre-answer response filed on September 30, 2008, with the appellate briefs pertinent to Applicant's direct and postconviction appeals. On February 27, 2009, Respondents filed the supplement to the pre-answer response. On April 1, 2009, Magistrate Judge Boland ordered Mr. Weedman to show cause within thirty days why the amended application should not be denied as a mixed petition. Alternatively, Magistrate Judge Boland allowed Mr. Weedman the choice of dismissing voluntarily his unexhausted claims four and five and proceeding with his exhausted claims one, two, three, and six. On April 13, 2009, Mr. Weedman submitted his response to the order to show cause.

The Court must construe liberally the response to the show-cause order filed by Mr. Weedman because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, claim five will be dismissed as unexhausted, and Mr. Weedman will be allowed to proceed on exhausted claims one, two, three, four, and six.

Mr. Weedman was convicted by a jury in Adams County District Court case number 96CR1824 on charges of first-degree murder after deliberation. He was seventeen years old at the time of his arrest but was charged as an adult. His first trial

ended in a mistrial. A second jury trial resulted in his conviction. Mr. Weedman appealed directly from his conviction to the Colorado Court of Appeals, which on August 12, 1999, affirmed. **See People v. Weedman**, No. 98CA0620 (Colo. Ct. App. Aug. 12, 1999) (as modified Jan. 13, 2000) (not selected for publication). On February 26, 2001, the Colorado Supreme Court denied certiorari review. Mr. Weedman does not allege that he sought certiorari review in the United States Supreme Court.

On March 22, 2002, Mr. Weedman filed **pro se** motions for postconviction relief and for the appointment of postconviction counsel. Postconviction counsel was appointed to represent Mr. Weedman, concluded there was no factual basis to support Mr. Weedman's claims, and withdrew from the case in August 2004. On September 22, 2004, and on October 12, 2004, Mr. Weedman filed two amended motions pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure for postconviction relief. On October 27, 2004, the trial court entered an order denying the Colo. R. Crim. P. 35(c) motion without a hearing. On May 25, 2006, the Colorado Court of Appeal affirmed. **See People v. Weedman**, No. 04CA2498 (Colo. Ct. App. May 25, 2006) (not selected for publication). Mr. Weedman did not petition for certiorari review to the state supreme court.

While his appeal was pending in No. 04CA2498, Mr. Weedman filed two postconviction motions on January 13, 2005, and on February 23, 2005, which the trial court denied on April 5, 2005, and on May 12, 2005, respectively. On May 31, 2005, Mr. Weedman appealed from the denials. On December 22, 2005, on limited remand from the Colorado Court of Appeals, the trial court, acknowledging its lack of awareness

of the pending appeal from its October 27, 2004, order, issued an order affirming its orders of April 5, 2005, and May 12, 2005. On February 14, 2008, the Colorado Court of Appeals affirmed. *See People v. Weedman*, No. 05CA1132 (Colo. Ct. App. Feb. 14, 2008). On May 27, 2008, the Colorado Supreme Court denied certiorari review.

On August 5, 2008, Mr. Weedman submitted his original habeas corpus application to this Court, which filed the application on August 15, 2008. On December 22, 2008, the Court denied the amended application and dismissed the instant action as time-barred, inadvertently using an incorrect date to calculate whether the amended application was barred by the one-year limitation period in 28 U.S.C. § 2244(d). On January 14, 2009, the Court granted Mr. Weedman's motion to reconsider only to the extent that it sought reinstatement of the instant action, vacated its December 22 dismissal of the instant action as time-barred, and reinstated the action.

Mr. Weedman asserts six claims in this action. They are:

1. Denial of right to counsel in violation of the Sixth Amendment.

2. Violation of the Fourteenth Amendment right to fair trial when an unredacted video taped interview was given to the jury.

3. Fourteenth Amendment violation, right to fair trial when Mr. Weedman was not allowed to present evidence of alternate suspects.

4. Violation of Sixth Amendment, non-reliable hearsay testimony of non-testifying co-defendant without a determination that the hearsay statements were reliable.

5. Denial of a new trial/due process based upon newly discovered evidence which was exculpatory in nature.

6. Six Amendment violation of right to effective assistance of counsel/failure to investigate.

Respondents contend that claims one, two, and four are exhausted and that claims three, five, and six are not exhausted.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. See *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); ***Dever v. Kansas State Penitentiary***, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. See ***Castille v. Peoples***, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. ***Picard v. Connor***, 404 U.S. 270, 278 (1971); *see also **Nichols v. Sullivan***, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." ***Anderson v. Harless***, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. See ***Duncan v. Henry***, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). Even if state remedies properly have been exhausted as to one or more of the claims presented, a habeas corpus application is subject to dismissal as a mixed petition unless state court remedies have been exhausted for all of the claims raised. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir. 1995).

Respondents first argue that claims one and two were exhausted on direct appeal because they were raised as federal constitutional claims in the Colorado Court of Appeals and on certiorari review before the Colorado Supreme Court. They contend that claim three is not exhausted because it was raised on direct appeal as a federal constitutional claim before the Colorado Court of Appeals but not before the Colorado Supreme Court. Respondents also contend that claim four is exhausted because it was addressed on direct appeal on state-law grounds in the Colorado Court of Appeals and raised as a federal constitutional claim in the state supreme court through a brief reference to a federal case. They further contend that claim five is not exhausted because the claim of newly discovered evidence was addressed on postconviction review by the Colorado Court of Appeals only with reference to state law and because the claim was not identified as a federal constitutional due process claim on certiorari review. Lastly, they argue that claim six is not exhausted because, although the claim

was rejected by the Colorado Court of Appeals on postconviction review, Mr. Weedman did not seek certiorari review before the Colorado Supreme Court.

The Court has reviewed the state court appellate briefs filed by Respondents and Magistrate Judge Boland's April 1, 2009, order to show cause. Based upon that review, the Court agrees with Magistrate Judge Boland and Respondents that claims one and two are exhausted because they were raised as federal constitutional claims on direct appeal. Therefore, these claims will be drawn to a district judge and to a magistrate judge.

With respect to claims three and six, the Court agrees with Magistrate Judge Boland that the failure to raise these claims in the Colorado Supreme Court after they were presented fairly to the Colorado Court of Appeals does not mean they are not exhausted. In order to exhaust state remedies, a claim must be presented to the state's highest court if review in that court is available. **See O'Sullivan**, 526 U.S. at 845. However, "there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available." **Id**. at 847-48. Therefore, if a state articulates that a certain avenue for relief is not part of its standard appellate review process, it is not necessary for a defendant to pursue that avenue in order to exhaust state remedies. **See id.**

The State of Colorado has articulated that review in the Colorado Supreme Court is not part of the standard state appellate review process. More specifically, the Colorado Appellate Rules provide that:

> In all appeals from criminal convictions or postconviction
> relief matters from or after July 1, 1974, a litigant shall not be

7

> required to petition for rehearing and certiorari following an
> adverse decision of the Court of Appeals in order to be
> deemed to have exhausted all available state remedies
> respecting a claim of error. Rather, when a claim has been
> presented to the Court of Appeals or Supreme Court, and
> relief has been denied, the litigant shall be deemed to have
> exhausted all available state remedies.

Colo. App. R. 51.1. Therefore, like Magistrate Judge Boland, the Court finds that review in the Colorado Supreme Court is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the Colorado Court of Appeals.

The Court's conclusion is supported by the fact that four circuit courts have determined that state rules similar to Colo. App. R. 51.1 eliminate the need to seek review in the state's highest court in order to satisfy the exhaustion requirement. **See Lambert v. Blackwell**, 387 F.3d 210, 233 (3d Cir. 2004); **Adams v. Holland**, 330 F.3d 398, 401-03 (6th Cir. 2003); **Randolph v. Kemna**, 276 F.3d 401, 404-05 (8th Cir. 2002); **Swoopes v. Sublett**, 196 F.3d 1008, 1009-10 (9th Cir. 1999). The Court is not aware of any case that reaches a contrary conclusion. Therefore, the fact that Mr. Weedman did not raise claims three or six in the Colorado Supreme Court in a petition for writ of certiorari after these claims were presented fairly to and rejected by the Colorado Court of Appeals does not demonstrate that the claims are unexhausted. Claims three and six also will be drawn to a district judge and to a magistrate judge.

Like Magistrate Judge Boland, the Court disagrees with Respondents' assessment of why claim four is exhausted. Respondents argue that an examination of the state court briefs reveals that claim four was not raised by Mr. Weedman as a

federal constitutional claim in the court of appeals, only in the state supreme court. Consequently, Magistrate Judge Boland determined that the "substance of [the] federal habeas corpus claim" was not presented fairly to the state courts. *See Picard*, 404 U.S. at 278; *see also Nichols*, 867 F.2d at 1252.  In his response to the order to show cause, however, Mr. Weedman argues that claim four is exhausted because, although he failed to present it properly as a federal constitutional claim in the state courts, the state of Colorado, in its response to his argument before the court of appeals, did cite to federal constitutional law, and the state appeals court addressed the claim on the merits.  Therefore, the substance of the federal claim has been presented fairly to the state courts, although admittedly not by Mr. Weedman.  In any case, the Court finds that claim four is exhausted.

In his response to the show-cause order, Mr. Weedman agrees with Magistrate Judge Boland and Respondents that claim five is not exhausted because the issue of newly discovered evidence was addressed by the Colorado Court of Appeals only with reference to state law and because the claim was not identified as a federal constitutional due process claim on certiorari review.  Therefore, claim five will be dismissed as unexhausted.  Accordingly, it is

ORDERED that claims one, two, three, four, and six and the application will be drawn to a district judge and a magistrate judge.  It is

FURTHER ORDERED that unexhausted claim five is dismissed voluntarily by Mr. Weedman.

DATED at Denver, Colorado, this 30 day of April, 2009.

BY THE COURT:

*Zita L. Weinshienk*
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  08-cv-01740-BNB

Christopher Weedman
Prisoner No. 96198
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

Elizabeth Rohrbough
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 4/30/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk